UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SANTIAGO, on his own behalf and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>RACK ROOM SHOES, INC.,<br>Defendant. | Case No. 3:26-cv-05748-TMC<br>ORDER TO SHOW CAUSE |

## I. INTRODUCTION

This case is a proposed class action against Defendant Rack Room Shoes, Inc. ("Rack Room") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and Washington's Consumer Protection Act ("CPA"), RCW 19.86. Dkt 1-1 ¶¶ 105–125. Rack Room removed the case from Pierce County Superior Court. Dkt. 1. For the reasons explained below, the Court ORDERS Rack Room to show cause as to why this case should not be remanded to Pierce County Superior Court for lack of subject matter jurisdiction.

## II. DISCUSSION

Both the Supreme Court and the Ninth Circuit "have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks, alteration, and emphasis omitted) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[ ] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Rack Room bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (second alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 340–41). "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a

statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Furthermore, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Santiago seeks statutory damages for each message sent in violation of CEMA, as well as treble damages under the CPA. Dkt. 1-1 ¶ 123. The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025).

The legislature's "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion*, 594 U.S. at 426. While CEMA does not require that Santiago independently establish an injury in fact under Washington law, *see Brown*, 4 Wn.3d at 592, the Court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999 n.2 (11th Cir. 2020)). For standing purposes, therefore, an important difference exists between a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of state law, and a plaintiff suffering concrete harm because of the defendant's violation of state law. *Id.* The Ninth Circuit has interpreted *TransUnion* to "require[ ] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Based on this Court's review of the complaint, it is not apparent that Santiago has alleged an Article III as opposed to merely a statutory injury. *Compare Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026), *with Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026). If Rack Room wishes to litigate this case in this forum, it must therefore demonstrate that the Court has subject matter jurisdiction.

## III. CONCLUSION

For the reasons explained above, the Court ORDERS Rack Room to SHOW CAUSE why this case should not be remanded to Pierce County Superior Court. Its brief of up to 2,800 words is due no later than September 30, 2026.

Dated this 16th day of September, 2026.

Tiffany M. Cartwright
United States District Judge